Herbert Shapiro, J.
The tenant in this summary proceeding, originally commenced for nonpayment of rent, moves for an order (1) vacating the default judgment heretofore entered against her; (2) staying the landlord from reletting the premises formerly occupied by her; (3) restoring her to possession and (4) awarding her damages for an alleged unlawful eviction.
This proceeding was commenced in or about December 19, 1975. Thereafter, and on January 16, 1976, upon the tenant’s failure to answer, a default judgment was entered awarding possession to the landlord. On January 19, 1976 a warrant was issued to a city marshal. It is undisputed, however, that the warrant was never executed.
On or about February 3, 1976, the tenant moved all of her property from the subject apartment. She claims, however, that such removal was effected because she was going to have the apartment paneled and painted. The landlord, upon learning that the property of the tenant had been removed, deemed the apartment abandoned and entered into possession. The tenant subsequently sought to re-enter the subject premises but was denied entry by the landlord. The instant application was then made.
The threshold question to be answered is whether the *70 instant application is properly brought in this nonpayment proceeding. I conclude that it is not.
It is true that this court retains inherent power to restore a tenant to possession where the processes of this court have been wrongfully evoked to effect an eviction. (Boggi v Carbonaro, 110 NYS 2d 214). However, that is not the situation here. In this case the tenant was not removed from possession under color of a mandate of this court. She either never relinquished possession (her contention) or she abandoned the premises voluntarily (landlord’s contention). In any event it is clear that nothing that occurred in the instant nonpayment proceeding led to the situation about which she now complains.
If indeed the landlord did deny her possession, he did so dehors this proceeding and not as part of it. If the tenant’s contention is correct, the landlord’s action could just as well have been taken even had this proceeding never been commenced. In this proceeding the warrant was never executed. In fact, the proceeding was effectively laid to rest by the fact that the tenant paid all the rent alleged to be due in the petition. It is thus clear that if the landlord did in fact wrongfully deprive the tenant of possession it did so as a matter of self-help and without obtaining any sanction therefor from this court in this proceeding.
Having determined that the instant application is not properly a part of this proceeding, what then is the remedy available to the tenant if she was wrongfully ousted of possession? Of course, she would be entitled to seek money damages (see 33 NY Jur, Landlord and Tenant, § 183 and cases cited). However, if she also seeks to be restored to possession then it is the view of this court that she must attempt to do so pursuant to the provisions of section 713 of the Real Property Actions and Proceedings Law.
If, as tenant contends, she was unlawfully denied possession by the landlord, subdivision 3 of section 713 authorizes the institution of a "squatter” proceeding against the landlord. That such is indeed the proper course to pursue is indicated in Boggi v Carbonaro (supra), where the squatter proceeding against the landlord was dismissed only because the tenant had been evicted by virtue of the execution of a court-issued warrant. While the institution of a proceeding in which the landlord is alleged to be a "squatter” may seem strange, such allegation may well be appropriate if the claims of the tenant *71 are true. Of course, whether such claims are true must await a trial in the squatter proceeding.
I am therefore of the opinion that the application of the tenant must be denied for the reasons aforesaid without prejudice to the institution of a squatter proceeding by the tenant or any other appropriate action she may see fit to commence.
The motion is denied.